# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

GUILLERMO FUENTES,

    Plaintiff,

v.                                Case No. 4:23-cv-522-MW/MJF

CENTURION OF FLORIDA, LLC,
*et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

The undersigned recommends that the District Court dismiss this action for maliciousness, under 28 U.S.C. § 1915A(b)(1), for Plaintiff's abuse of the judicial process in failing to disclose completely and honestly his litigation history.

### I. BACKGROUND

**A.   Plaintiff's Original Complaint**

Plaintiff is an inmate of the Florida Department of Corrections ("FDC") and his inmate number is "1994877." Doc. 15 at 1. Plaintiff commenced this civil action against Centurion of Florida, LLC, and two

of its employees. Plaintiff claims that Defendants were deliberately indifferent to his medical needs.

Relevant to this report and recommendation, in response to the questions on the complaint about Plaintiff's prior litigation history, Plaintiff stated that in September 2023, his property had been stolen, and therefore he was having difficulty remembering all of his prior cases. Doc. 1 at 17 ¶ 12.

**B.     The Undersigned's Order to Amend the Complaint**

Pursuant to 1915(A), the undersigned screened Plaintiff's complaint. On March 25, 2024, the undersigned issued an order identifying numerous deficiencies with Plaintiff's complaint and afforded Plaintiff an opportunity to correct these deficiencies. Doc. 12. As it relates to the prior litigation history, the undersigned advised Plaintiff

> It is insufficient for Plaintiff to state that he is unsure about his prior federal litigation. . . . It is Plaintiff's responsibility to maintain a record of the cases he has filed and the results of that litigation. If Plaintiff does not have sufficient records or cannot remember the cases he has filed, he must contact the relevant court(s) to determine those cases so that he can make a full, complete, and honest account of them . . . . Plaintiff should retain a copy of the inquiry letter (and any response he receives) as evidence that he has made a reasonable, good faith effort to discover and disclose his litigation history.

*Id.* at 10–11. The undersigned also warned Plaintiff "**If Plaintiff desires to file a first amended complaint, Plaintiff must completely and honestly answer all questions regarding his prior litigation history. The failure to do so may result in dismissal of this action for abuse of the judicial process.**" *Id.* at 11 (emphasis in original).

C. <u>Plaintiff's First Amended Complaint</u>

On May 3, 2024, Plaintiff filed his first amended complaint. Doc. 15. The only substantive difference between the list of cases Plaintiff disclosed in his original complaint and the list of cases he disclosed in the first amended complaint was the disclosure of a state appeal filed on February 27, 2024, in the Third District Court of Appeal. *Compare* Doc. 1 at 15–21 *with* Doc. 15 at 16–23. That is, Plaintiff did not disclose any additional federal cases or federal appeals in his first amended complaint. Plaintiff did not allege that he contacted any federal courts to obtain a list of his cases. Plaintiff also did not attach any copies of inquiry letters he sent to the courts for the relevant litigation history. Instead, Plaintiff again related that in September 2023 FDC staff purportedly

stole Plaintiff's property and that this affects Plaintiff's ability to disclose his prior litigation history. *Id.* at 21 ¶ 25.

## II. DISCUSSION

### A.  Screening of Plaintiff's Complaint

The Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), was enacted in "an effort to stem the flood of prisoner lawsuits in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc); *see Procup v. Strickland*, 792 F.2d 1069, 1071 (11th Cir. 1986) (per curiam). Under the PLRA, a federal court is required to screen a prisoner complaint to determine whether the action is frivolous, is malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1).

Courts may "oblige prisoners to supply available information concerning prior lawsuits that concern their incarceration." *In re Epps*, 888 F.2d 964, 969 (2d Cir. 1989). "An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury, as such a complaint is an abuse of the judicial process." *Burrell v. Warden I*, 857 F. App'x 624, 625 (11th Cir. 2021). This is true

"regardless of whether the Plaintiff's response to the question was knowing or intentional." *Ballard v. Broling*, No. 22-12651, 2023 WL 6799147 at *1 (11th Cir. Oct. 16, 2023).

## B.   Plaintiff's Disclosures

Section VIII of the complaint form utilized by Plaintiff seeks information regarding Plaintiff's prior litigation. Doc. 15 at 15; *cf.* Doc. 1 at 14. Specifically, the complaint form asks three questions:

> A. Have you had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service?
>
> B. Have you filed other lawsuits or appeals in **state or federal court** dealing with the same facts or issues involved in this case?
>
> C. Have you filed any other lawsuit, habeas corpus petition, or appeal in **state or federal court** either challenging your conviction or relating to the conditions of your confinement?

Doc. 15 at 16, 18; *Cf.* Doc. 1 at 15–16. Additionally, the complaint form instructs that if the plaintiff responded, "yes" to any question, then the plaintiff must disclose each case. Doc. 15 at 16, 18; *Cf.* Doc. 1 at 15–16.

Plaintiff responded, "No" to Question B and did not disclose any cases. Doc. 15 at 18; *cf.* Doc. 1 at 16. In response to Questions A and C,

Plaintiff responded, "Yes." In total, he disclosed five federal cases and thirty-one state cases.[1] Doc. 15 at 16–17, 19–23; *cf.* Doc. 1 at 15, 17–21.

At the end of the complaint form, Plaintiff signed his name after the following statement: "I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct." Doc. 15 at 23–24.

## C. Plaintiff's Omissions

The undersigned takes judicial notice that when Plaintiff filed his original and first amended complaints, Plaintiff failed to disclose the following federal case and federal appeal:[2]

- *Fuentes v. Fla. Dep't of Corr., et al.*, Case No. 1:14-cv-21485 (S.D. Fla.) (habeas petition dismissed as successive); and

- *In re: Guillermo Fuentes*, Case No. 0:19-op-14396 (11th Cir.) (motion for leave to file successive petition for habeas corpus denied

---

[1] In some instances, Plaintiff's disclosure is written as "3D14-2700; 3D14-2293,- Fuentes v. State, Court: 3DCA, Judge Unknown, Filed unknown-Dism./Denied." *See* Doc. 15 at 19 ¶ 10. The undersigned counted each case number as its own individual case.

[2] By confining this discussion to the case and appeal identified above, the undersigned does not imply that these are the *only* cases and appeals that Plaintiff was required, but failed, to disclose in his complaints. The undersigned will not shoulder Plaintiff's obligation to determine all of the cases and appeals that he has filed.

because Fuentes did not make a showing he met the requirements under § 2244(b)(2)).

These cases are attributable to Plaintiff because they bear his inmate number. Furthermore, these cases were responsive to Question C on the complaint form.

Because he failed to disclose these cases in his original complaint and his first amended complaint, Plaintiff violated his duty of candor to the District Court. *See Kendrick v. Sec'y, Fla. Dep't of Corr.*, No. 21-12686, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022) (noting that *pro se litigants* "owe the same duty of candor to the court as imposed on any other litigant").

D.   **The Materiality of Plaintiff's Omissions**

Courts have recognized that information regarding a plaintiff's litigation history is useful to federal courts:

> [I]t allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the [PLRA]; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the [PLRA].

*Spires v. Taylor*, No. 3:00-cv-249-RH, Order of Dismissal, Doc. 10 (N.D. Fla. Oct. 27, 2000). Also, this "information may assist a court in identifying suits that are repetitious of prior or pending lawsuits and hence frivolous." *In re Epps*, 888 F.2d at 969; *see Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001) (noting that, in assessing frivolousness, courts may consider "a litigant's history of bringing unmeritorious litigation"). Additionally, because prisoner-plaintiffs generally proceed *pro se*, the information helps the court determine their litigation experience and familiarity with the legal terrain.

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup*, 792 F.2d at 1073; *In re Martin-Trigona*, 737 F.2d 1254, 1261-62 (2d Cir. 1984). Courts also have "a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074. Requiring prisoner-plaintiffs to divulge their record of litigation serves all of these compelling interests. Thus, to conserve judicial resources and effectively manage their dockets, courts may require prisoner-plaintiffs to disclose their litigation history. *See Smith v.*

*Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (noting that district courts have "unquestionable authority to control their own dockets; this authority includes broad discretion in deciding how best to manage the cases before them").

The time spent verifying the cases a plaintiff has filed but failed to identify can be considerable. This is especially true in this case where Plaintiff is litigious and has filed a substantial number of cases in state and federal courts. When courts cannot rely on the statements or responses made by parties, the quality of justice is threatened. Courts, therefore, cannot tolerate false or misleading responses in pleadings or motions.

Here, Plaintiff falsely responded to questions on the complaint form as detailed above. He knew from reading the complaint form that he was required to disclose *all prior* federal cases and appeals. Doc. 15 at 15; *cf.* Doc. 1 at 14. Additionally, the undersigned advised Plaintiff that he was required to disclose all of his prior federal litigation in the first amended complaint. Doc. 12 at 11.  The complaint form and the undersigned expressly warned Plaintiff that the case could be dismissed for failing to disclose all cases. Doc. 15 at 15 (***Be advised that failure to disclose***

Page 9 of 16

*all prior state and federal cases—including but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case.*"); Doc. 12 at 11 ("**Plaintiff must completely and honestly answer all questions regarding his prior litigation history. The failure to do so may result in dismissal of this action for abuse of the judicial process.**"). Furthermore, two District Judges in this district have dismissed two of Plaintiff's earlier cases because Plaintiff failed to disclose honestly and accurately his litigation history. Order of Dismissal, *Fuentes v. Centurion of Florida, LLC*, No. 4:23-cv-346-AW-MAF, ECF No. 21 (N.D. Fla. Nov. 13, 2023) (*Fuentes II*); Order of Dismissal, *Fuentes v. Inch*, No. 4:19-cv-548-WS-HTC, ECF No. 24 (N.D. Fla. June 15, 2020) (*Fuentes I*).

There is no excuse for Plaintiff's failure to respond truthfully to the questions on the complaint form. The questions were straightforward and easily understandable. *See Kendrick*, 2022 WL 2388425, at *3 (noting that the questions on the court-form are not complicated and a plaintiff's *pro se* status was not an excuse for failing to honestly answer the straightforward questions).

Furthermore, Plaintiff's claim that he could not remember his litigation history is insufficient. On March 25, 2024, the undersigned explained to Plaintiff that simply stating Plaintiff did not remember his litigation history was insufficient. Doc. 12 at 10. The undersigned instructed Plaintiff to contact the clerk of the relevant courts to obtain Plaintiff's litigation history so that Plaintiff could make a full an accurate disclosure. *Id.* at 10–11. The undersigned provided Plaintiff approximately forty-five days to amend his complaint and make a full and accurate disclosure. *See* Doc. 14 (imposing a compliance deadline of May 8, 2024). Nevertheless, Plaintiff elected to disregard the undersigned's order and failed to make a reasonable inquiry with the relevant courts. Plaintiff, therefore, cannot blame his failure to disclose his litigation history on his faulty memory.

Additionally, a claim that Plaintiff could not remember in which courts he had filed his prior cases would strain credulity. On October 5, 2023, approximately two weeks after Plaintiff's property was purportedly stolen, United States Magistrate Judge Martin A. Fitzpatrick issued a report and recommendation in *Fuentes II*. Report and Recommendation, *Fuentes II*, ECF No. 14. In that report and recommendation, Judge

Fitzpatrick explained that "Plaintiff had six federal cases filed in federal district courts in the Southern and Northern Districts of Florida." *Id.* at 6. Judge Fitzpatrick continued, "Plaintiff had four cases in the Eleventh Circuit Court of Appeals." *Id.* Judge Fitzpatrick further explained it was Plaintiff's responsibility to ensure Plaintiff had an accurate list of his prior litigation history. *Id.* at 7 ("This Court will not list all the cases Plaintiff did not disclose because it will not assume his responsibility."). On or about October 24, 2024, one month after his property was allegedly stolen, Plaintiff received this report and recommendation. *Id.*, ECF No. 19 at 2. In other words, in October 2023, Plaintiff knew that he had filed at least **eleven** federal cases (the ten cases identified by Judge Fitzpatrick in the R&R and *Fuentes II*). He knew it was his responsibility to disclose each of those cases. He also knew in which courts he had filed the prior cases because Judge Fitzpatrick plainly identified the federal courts. Therefore, Plaintiff certainly knew which courts to contact in order to obtain his prior federal litigation history. Nevertheless, Plaintiff made no effort to contact these courts to determine his full litigation history even after the undersigned afforded Plaintiff forty-five days to do so.

Page 12 of 16

Finally, a claim that Plaintiff simply forgot that he filed at least eleven federal cases and appeals would strain credulity. The court form instructs litigants: "***You should err on the side of caution if you are uncertain whether a case should be identified***." Doc. 15 at 15. Plaintiff was aware from the R&R in *Fuentes II* there were at least eleven federal cases and appeals. Yet, Plaintiff only disclosed four federal cases and one federal appeal. Plaintiff does not explain how the theft of the property impacted his ability to advise the court—at minimum—of (1) the total number of federal cases and appeals he had filed and (2) the courts in which they were filed.

In short, there is simply no justification for Plaintiff's failure to disclose his litigation history honestly and accurately. Accordingly, a penalty is warranted both to deter Plaintiff from such conduct and to deter others from similar misrepresentations and material omissions. *See Jones v. Warden of Statesville Corr. Ctr.*, 918 F. Supp. 1142, 1151 (N.D. Ill. 1995) ("The knowing failure of a pro se litigant to admit to the filing of prior related complaints in answer to the questions on the civil rights complaint form is conduct subject to sanctions by the court.").

**E.     The Appropriate Sanction is Dismissal Without Prejudice**

"[F]ailure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal." *Sears v. Haas*, 509 F. App'x 935, 936 (11th Cir. 2013). The court should not allow Plaintiff's false responses to go unpunished. An appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this case without prejudice. Because the actions complained of in the complaint began on July 9, 2021, Florida's four-year statute of limitations likely would not preclude Plaintiff from refiling this action in the near future. *Shelton v. Rohrs*, 406 F. App'x 340, 341 (11th Cir. 2010).

Furthermore, no lesser sanction would suffice to deter this type of conduct. For example, providing Plaintiff a second opportunity to amend his complaint to disclose the previous lawsuits would equate to overlooking his mendacity and his abuse of the judicial process, because that course of action would entail no penalty. *See Young v. Sec'y for Dep't of Corr.*, 380 F. App'x 939, 940–41 (11th Cir. 2010) (holding that district court did not abuse its discretion by denying leave to amend the

complaint so that the plaintiff could disclose lawsuits that should have been disclosed initially). Insofar as Plaintiff already is incarcerated, a mere admonition or a finding of contempt would not deter Plaintiff or other prisoners from making false representations to the court. Dismissal without prejudice would serve as a warning to Plaintiff and others that future misrepresentations to courts might result in more substantial sanctions.[3] *See Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (noting that a plaintiff's misrepresentation about previous lawsuits may violate Rule 11).

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this case without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1), for maliciousness and abuse of the judicial process.

---

[3] Plaintiff's history of failing to disclose honestly and accurately his litigation history—even when provided an opportunity by the court to correct the deficiency—suggests that a more severe sanction, such as a dismissal with prejudice, may be warranted. Nonetheless, because Plaintiff is proceeding *pro se* and there is a strong preference in adjudicating cases on the merits, the undersigned recommends dismissal without prejudice to Plaintiff refiling his claims in a new case upon payment of the filing fee.

2. **DIRECT** the clerk of the court to close this case.

At Pensacola, Florida, this 15th day of May, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**